IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James M. Galloway, ) | |
| ) | 4:15-CV-4348-BHH-TER |
| Plaintiff, ) | |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | |
| Marlboro County Delinquent Tax Collector, ) | |
| ) | |
| Defendant. ) | |

James M. Galloway, proceeding pro se, brings this action, presumably pursuant to 18 USC §1983, and alleges a violation of his constitutional rights in connection with the assessment of certain property taxes. This matter is before the court pursuant to 28 U.S.C. 636(b) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.). For the reasons that follow, the undersigned recommends that the district judge dismiss this case, without prejudice and without issuance and service of process.

I.     Factual and Procedural Background

Plaintiff's statement of claim challenges the assessment amount of taxes he purportedly owes on certain real property located in Bennettsville, South Carolina. He also indicates that his tax notice was not sent to him at the proper address. (Entry #1). In the relief section of the complaint, Plaintiff continues his complaints about the amount of his assessed taxes and suggests that his taxes are over four times that of other property owners on his street. Id. at 21-24. It is unclear exactly what relief Plaintiff seeks from this court, but it can be assumed that it is either for damages, or for declaratory or injunctive relief. Id. at 21-24.

1

II.     Discussion

   A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the pro se complaint. This court is required to liberally construe pro se complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such pro se complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555.56 (2007)). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dept of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Fed. R. Civ. P. 8 for all civil actions). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or conjure up questions never squarely presented to the to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

Moreover, even when the filing fee is paid, the court possesses the inherent authority to

ensure that a plaintiff has standing, that federal jurisdiction exists, and that a case is not frivolous. See Ross v. Baron, No. 12-1272, 2012 WL 3590914, at *1 (4th Cir. Aug. 22, 2012); see also Mallard v. United States Dist. Court for S. Dist. of Iowa, 490 U.S. 296, 307.08 (1989) (Section 1915(d) . . . authorizes courts to dismiss a frivolous or malicious action, but there is little doubt they would have power to do so even in the absence of this statutory provision.).

    B.    Analysis

This Court cannot address the merits of Plaintiff's claims because the Tax Injunction Act and the principle of comity dictate that this Court lacks subject matter jurisdiction over this case. Fair Assessment in Real Estate Ass'n v. McNary, 454 U.S. 100, 105, 102 S.Ct. 177, 70 L.Ed.2d 271 (1981); Lawyer v. Hilton Head Pub. Serv. Dist. No. 1, 220 F.3d 298, 306 (4th Cir.2000). The Tax Injunction Act provides in its totality that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C.A. § 1341. This statutory provision is a jurisdictional bar that is not subject to waiver, and the federal courts are duty-bound to investigate the application of the Tax Injunction Act regardless of whether the parties raise it as an issue. See Folio v. City of Clarksburg, W.Va., 134 F.3d 1211, 1214 (4th Cir. 1998) (citing Collins Holding Corp. v. Jasper County, South Carolina, 123 F.3d 797, 799 & n. 1 (4th Cir.1997)). The Tax Injunction Act is undergirded by a policy of restraint in the federal courts, which, save limited exceptions, are "under an equitable duty to refrain from interfering with a State's collection of its revenue" in light of "the imperative need of a State to administer its own fiscal operations." Tully v. Griffin, Inc., 429 U.S. 68, 73, 97 S.Ct. 219, 222, 50 L.Ed.2d 227 (1976). Essentially, "the Act ... [is] first and foremost a vehicle to limit drastically federal district court jurisdiction to interfere with

3

so important a local concern as the collection of taxes." Rosewell v. LaSalle Nat'l Bank, 450 U.S. 503, 522, 101 S.Ct. 1221, 1234, 67 L.Ed.2d 464 (1981)). It is settled that the broad prophylactic terms of the Tax Injunction Act apply to declaratory as well as injunctive relief, . See Folio, 134 F.3d 1211, 1214 (4th Cir. 1998) (citing California v. Grace Brethren Church, 457 U.S. 393, 411, 102 S.Ct. 2498, 2509, 73 L.Ed.2d 93 (1982)), and that local taxes fall within the ambit of the statute, see id. (citing Collins Holding Corp., 123 F.3d at 799 n. 2). Moreover, the Tax Injunction Act applies to actions where a taxpayer seeks injunctive or declaratory relief under § 1983. See id. (citing Rosewell, 450 U.S. 503, 101 S.Ct. 1221, 67 L.Ed.2d 464). Only when state law provides no "plain, speedy and efficient" remedy may a federal district court order declaratory or injunctive relief that trenches upon "the assessment, levy or collection" of any state or local tax. See Grace Brethren Church, 457 U.S. at 411, 102 S.Ct. at 2509; see also Strescon Indus., Inc. v. Cohen, 664 F.2d 929, 931 (4th Cir.1981) (explaining that "[t]he only exception contemplated by Congress relates to State remedies which are not plain, speedy, or efficient"). As it clearly appears that Plaintiff is challenging the constitutionality of a local tax system, and South Carolina law has been found to provide an adequate remedy, this Court cannot not consider claims that the alleged taxes imposed violated the Federal Constitution. See generally, Lawyer v. Hilton Head Pub. Serv. Dist. No. 1, 220 F.3d 298 (4th Cir. 2000)(finding that avenues for challenging validity of a state tax under South Carolina law, including appeal of proposed assessment to Department of Revenue, and declaratory judgment action, provided a plain, adequate, and complete remedy for South Carolina residents challenging imposition of taxes by local public service as violative of their federal constitutional rights, even though plaintiffs were unlikely to obtain desired relief in state court).

    Comity has been defined as: a proper respect for state functions ... and a continuance of the

belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in separate ways.... [T]he concept [represents] a system in which there is sensitivity to the legitimate interests of both State and National Governments, and in which the National government, anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States. Fair Assessment, 454 U.S. at 112, 102 S.Ct. 177 (quoting Younger v. Harris, 401 U.S. 37, 44–45, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971))(alterations in original). In Fair Assessment, the Court determined that comity barred federal courts from granting relief in actions for damages brought under § 1983 that challenge to the administration of state and local tax systems. Id. at 116. Such taxpayers must seek protection of their federal rights by state remedies, provided of course that those remedies are plain, adequate, and complete, and may ultimately seek review of the state decisions in this Court. Id. Because there is no significant difference between the "plain, adequate, and complete" standard as articulated in Fair Assessment and the Tax Injunction Act's "plain, speedy and efficient" requirement, Fair Assessment, 454 U.S. at 116 n. 8, 102 S.Ct. 177, and, as noted above, South Carolina's procedures meet that standard, the principle of comity requires that this Court dismiss any claim by Plaintiff pursuant to § 1983 for damages.

To the extent that Plaintiff asserts a § 1983 action for injunctive relief, such a claim runs afoul of the Tax Injunction Act, and to the extent that Plaintiffs seeks damages, such a claim is barred by the doctrine of comity. Accordingly, this Court must dismiss Plaintiff's suit. See generally, Tomaiolo v. Transamerica Corp., 131 F. Supp. 2d 280, 288 91 (D.R.I. 2001) aff'd as modified, Tomaiolo v. Mallinoff, 281 F.3d 1 (1st Cir. 2002)(analyzing the Tax Injunction Act and comity doctrine in light of a challenge to certain taxes imposed in Rhode Island).

5

III.     Conclusion

For all of the foregoing reasons, it is recommended that the complaint be dismissed without prejudice and without issuance and service of process. It is also recommended that the court decline to exercise supplemental jurisdiction over any state-law claims presented.

s/ Thomas E. Rogers, III<br>
Thomas E. Rogers, III<br>
United States Magistrate Judge

January 28, 2016
Florence, South Carolina

Plaintiff's attention is directed to the important notice on the next page.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, SC 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).